## Case No. 13,642.

SUTHERLAND v. The LADY MAUNSEL.

[44 Hunt. Mer. Mag. 624.]

District Court, S. D. New York. March 15, 1861.

MARITIME LIENS—REPAIRS TO FOREIGN VESSEL — FUNDS AND CREDIT AVAILABLE.

[Furnishing necessary repairs and materials to a foreign vessel gives rise to no lien, when her owners have ample credit, and actual funds in the port, of which the creditor has implied notice.]

This case came up on a libel by Mr. Sawyer, to recover repairs and supplies, and involved a very important question of law as to the right of lien under the late decisions of the supreme court of the United States, whether ship-chandlers and others could recover for supplies furnished to a foreign vessel in any of our ports, when it was made to appear that the master or agent of the foreign owner had ample funds in the country to pay for such repairs and supplies. The case was heard at the January term, and briefly noticed in the papers. It was then contended by McMahon, for the owners, that the agent here had sufficient funds to meet all such claims, and if the creditors did not use due diligence in finding them out, the libellant [Benjamin Sutherland] could not recover in this form of action against the owners.

BETTS, District Judge, delivered an elaborate opinion, in which he says:

This vessel is arrested on a claim by a blacksmith for $267.42, for materials and labor supplied for her repair. It is admitted that she is a foreign vessel, and came to this port disabled, and that the iron and labor furnished at the libellant's shop and put upon her, were necessary to enable her to complete her voyage home. On her arrival here she was consigned to a Mr. Bulley, and a contract was made by the master with a ship-wright named McMahon for the repairs. The first question which arises, was the entire repairs independent and exclusive of the materials needed and the work of the blacksmith? The next point is whether the libellant was the party employed, or whether the labor and material were purchased by his brother, under an agreement with McMahon, as a sub-contractor, or whether the libellant himself had any interest whatever in the contract? The next and most material point is, whether the libellant acquired any lien on the vessel, as her owners possessed funds and credit to meet this or other demands? Had the libellant notice of this, or certain means of informing himself? This point is vital to the action.

Up to December, 1856, it was adopted and recognized as maritime law that a vessel in a foreign port, in want of supplies or repairs to render her fit for navigation, and obtaining them on credit the owners were bound for the debt, the cardinal point being the necessity of the case, and whether the verdict was bona fide, or if the creditors set up a lien with knowledge that the master had funds sufficient to satisfy the debt. This was the maritime law of Europe until the last few years, when a most important modification was established. That, in addition to the proof of the necessity of the vessel, there must be a proof of the necessity for a credit upon the vessel. The courts have declared this to be essential and remark:— "That circumstances of less pressing necessity for supplies or repairs, and an implied hypothecation of the vessel to procure them, will satisfy the rule, than a loan of money on bottomry for the like purpose."

HELD BY THE COURT: That the power was in the master to bind both vessel and owner for supplies and labor without imposing on the creditor the duty of further proofs; but when the condition of the credit exacted from the owners a recompense beyond the ordinary rate of interest, no lien was allowed unless the usurers proved satisfactorily that the owners had not funds sufficient to satisfy the debt, and moreover that the debt, with its enhanced interest, was both subject to the condition that the vessel should perform her home voyage safely. As the testimony is clear that the owners of the vessel had ample credit and actual funds in the hands of Mr. Bulley, and the libellant had implied notice thereof, the libel must be denied, with costs.